**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Codie Gillis,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-20-00512-TUC-RM (EJM)<br><br>**ORDER** |

Plaintiff Codie Gillis brings this action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Doc. 1.) On February 9, 2022, Magistrate Judge Eric J. Markovich filed a Report and Recommendation ("R&R"), recommending that this Court affirm the Commissioner's final decision. (Doc. 30.) Plaintiff filed a timely Objection. (Doc. 31.) The Commissioner did not respond to Plaintiff's Objection.

**I.   Background**

On April 18, 2018, Plaintiff protectively filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, alleging disability beginning on December 1, 2008, based on attention deficit/hyperactivity disorder ("ADHD"), mood disorder, bipolar, social anxiety, and depression. (*See* AR 121-22.)[1] Plaintiff's application was denied initially and on reconsideration. (AR 120, 148.)

---

[1] Plaintiff received SSI benefits based on disability as a child (Doc. 15, 99), but when he turned 18, his eligibility for benefits was re-evaluated and it was determined that he was no longer disabled as of April 1, 2013 (AR 15, 99-109).

Administrative Law Judge ("ALJ") Charles Davis held a hearing on April 28, 2020, at which Plaintiff and vocational expert Ruth Van Vleet testified. (AR 79-95.) The ALJ thereafter issued a decision finding Plaintiff non-disabled. (AR 13-22.)

A five-step sequential process is used to evaluate Social Security disability claims. 20 C.F.R. § 416.920(a)(1). At step one, the ALJ must determine if a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Id.* § 416.920(a)(4)(i). At the second step, the ALJ must determine whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted or is expected to last for a continuous period of at least 12 months; if not, the claimant is not disabled. *Id.* § 416.920(a)(4)(ii); *see also id.* § 416.909. At the third step, the ALJ must determine if the claimant's impairments meet or equal that of a listed impairment; if so, the claimant is disabled. *Id.* § 416.920(a)(4)(iii). At the fourth step, the ALJ must determine whether, based on the claimant's residual functional capacity ("RFC"), the claimant can perform his or her past relevant work; if so, the claimant is not disabled. *Id.* § 416.920(a)(4)(iv). At the fifth and final step, the ALJ must determine whether, based on the claimant's RFC, age, education, and work experience, the claimant can make an adjustment to other jobs existing in significant numbers in the national economy; if so, the claimant is not disabled. *Id.* § 416.920(a)(4)(v); *see also id.* § 416.960(c).

Here, the ALJ found at step one that Plaintiff has not engaged in substantial gainful activity since the date of his SSI application. (AR 15.)[2] At step two, the ALJ found that Plaintiff has the following severe medically determinable impairments: ADHD, intermittent explosive disorder, and anxiety disorder. (*Id.*) At step three, the ALJ found that Plaintiff's impairments do not meet or equal that of a listed impairment. (*Id.* at 15.) At step four, the ALJ found that Plaintiff has the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: Plaintiff

---

[2] As an initial matter, the ALJ found that material changes in the rules, regulations, or law for considering disability claims rebutted the presumption of non-disability arising from the prior final decision of the Commissioner finding Plaintiff non-disabled as of April 1, 2013. (AR 15-16.)

"can perform simple routine repetitive tasks with only occasionally simple changes in workplace routine" and he "can have no public contact and only occasional contact with coworkers and supervisors." (AR 17.) At step five, the ALJ found that Plaintiff has no past relevant work but is capable, considering his age, education, and RFC, of performing jobs that exist in significant numbers in the national economy, specifically dishwasher (DOT number 318.687-010), cleaner (DOT number 919.687-010) and janitor (DOT number 323.687-010). (AR 20-21.) Accordingly, the ALJ found Plaintiff non-disabled. (AR 21-22.) The Appeals Council denied review (AR 1-3), making the ALJ's decision the final decision of the Commissioner.

Plaintiff thereafter filed his Complaint in this case, seeking judicial review of the Commissioner's decision. (Doc. 1.) Plaintiff argues: (1) the ALJ's RFC assessment fails to account for Plaintiff's marked limitation in interacting with others; (2) the ALJ gave inconsistent weight to the opinion of consultative examiner Dr. Noelle Rohen, Ph.D.; and (3) the ALJ improperly discounted Plaintiff's symptom testimony. (Doc. 22 at 7-16.) Magistrate Judge Markovich's R&R rejects each of these arguments and recommends affirming the Commissioner's decision. (Doc. 30 at 14-26.)

## II.     Standard of Review

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D.

Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court must affirm the Commissioner's decision if the decision "is supported by substantial evidence and based on the application of correct legal standards." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It "is more than a mere scintilla but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court "must consider the record as a whole and weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks omitted). When evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (internal quotation marks omitted).

Error in a social security determination is subject to harmless-error analysis. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation marks omitted), *superseded by regulation on other grounds*.

**III. Discussion**

Plaintiff does not specifically object to the R&R's summary of the administrative record. (*See* Doc. 31.) The Court adopts that summary in full. (*See* Doc. 30 at 1-13.)

Plaintiff objects to the R&R's findings that the ALJ properly determined

Plaintiff's RFC, properly assessed Dr. Rohen's opinion, and properly discounted Plaintiff's symptom testimony. (Doc. 31.) The Court addresses each objection in turn.

### A. RFC Assessment

In evaluating the "paragraph B" criteria at step three, the ALJ found that Plaintiff has a "marked limitation" in interacting with others and "should have little to no interaction with the public, coworkers and supervisors." (AR 17.) In determining Plaintiff's RFC at step four, the ALJ found that Plaintiff "can have no public contact and only occasional contact with coworkers and supervisors." (*Id.*)

In his Opening Brief, Plaintiff argues that the ALJ's RFC assessment allowing occasional contact with coworkers and supervisors fails to account for the ALJ's step three finding that Plaintiff has a marked limitation in interacting with others. (Doc. 22 at 7-10.) Citing Social Security Ruling ("SSR") 96-9p and Appendix C of the Dictionary of Occupational Titles, Plaintiff argues that the term "occasionally" means "occurring from very little up to one-third of the time." (*Id.* at 8.) Plaintiff then argues that the ALJ's RFC finding that Plaintiff can interact with coworkers and supervisors "very little up to one-third of the time" is inconsistent with the ALJ's step three finding that Plaintiff should have little to no contact with the public, coworkers, and supervisors. (*Id.* at 8-10.)

Magistrate Judge Markovich's R&R finds that the definition of the term "occasional" that Plaintiff relies upon relates to physical strength demands rather than non-exertional limitations. (Doc. 30 at 17.) The R&R further finds that an ALJ's RFC assessment is distinct from the ALJ's analysis of the paragraph B criteria at step three. (*Id.*) Finally, the R&R finds that the ALJ's RFC determination reasonably incorporates the limitations on social interaction that the ALJ found at step three. (*Id.*)

Plaintiff objects to the R&R's conclusion that the definition of "occasional" provided by Plaintiff applies only to physical strength demands rather than non-exertional limitations. (Doc. 31 at 1-3.) Plaintiff argues that the term "occasional" is defined in the same manner throughout the Social Security Administration's sub-regulatory guidance, with no distinction made in the regulations or case law between physical and non-

- 5 -

exertional activities. (*Id.* at 2-3.) Plaintiff then argues that "little to no" contact with the public, coworkers, and supervisors is "entirely different" from no public contact and occasional contact with coworkers and supervisors. (*Id.* at 3.)

SSR 96-9p defines "occasionally" as "occurring from very little up to one-third of the time," in the context of explaining the amount of walking and standing that may be required in a sedentary job. SSR 83-10, 83-14,[3] and Appendix C of the Dictionary of Occupational Titles similarly define "occasionally" in the context of explaining the physical demands of sedentary work. Plaintiff has not cited a regulation or Social Security Ruling defining the term "occasionally" in terms of non-exertional demands. But even assuming that the term "occasionally" is defined in the same manner with respect to non-exertional limitations, the Court agrees with the R&R that substantial evidence supports the ALJ's RFC determination.

As Plaintiff recognizes (Doc. 22 at 7), an ALJ's step three determination is distinct from, but may inform, the ALJ's RFC determination. *See Fuller v. Saul*, No. CV-18-00562-TUC-LCK, 2020 WL 995571, at *4 n.2 (D. Ariz. Mar. 2, 2020). The RFC determination reflects "a more detailed assessment of the functions evaluated in Step Three." *Id.* Here, the ALJ observed at step three that Plaintiff "should have little to no interaction with the public, coworkers and supervisors," and the ALJ then made a more detailed assessment of this limitation in his RFC finding, determining that Plaintiff can have "no public contact and only occasional contact with coworkers and supervisors." (AR 17.) The Court agrees with the R&R that the ALJ's RFC determination reasonably reflects the ALJ's step three finding that Plaintiff has a marked limitation in interacting with others.

### B.  Assessment of Dr. Rohen's Opinion

The ALJ found persuasive the opinions of consultative examiner Dr. Rohen, concluding that those opinions are supported by Dr. Rohen's personal observations of Plaintiff and consistent with Plaintiff's treatment notes from La Frontera. (AR 20.) The

---

[3] Plaintiff also cites to SSR 83-15 (Doc. 31 at 3), but that ruling has been rescinded without replacement and does not define the term "occasionally."

ALJ specifically discussed two aspects of Dr. Rohen's report, including Plaintiff's mini mental status examination results and Dr. Rohen's observation that Plaintiff can learn simple, hands-on tasks if he is motivated and finds them interesting. (*Id.*)

In his Opening Brief, Plaintiff argues that, even though the ALJ found Dr. Rohen's opinion persuasive, the ALJ failed to account for Dr. Rohen's discussion of Plaintiff's social limitations. (Doc. 22 at 11-12.) Plaintiff refers to a portion of Dr. Rohen's report in which Dr. Rohen states that Plaintiff's educational history, as described by Plaintiff, "suggests significant impairment in ability to get along with others and control impulses to aggress verbally or physically against others," and that Plaintiff's anecdotal report indicates "the verbal side of this remains a problem." (*Id.* at 11 (citing AR 388).) Plaintiff argues that Dr. Rohen's discussion of Plaintiff's "'significant impairment in ability . . . to control impulses to aggress verbally . . . against others' describes something more than a limitation to occasional interaction with coworkers and supervisors." (*Id.*)

The R&R finds that, while Plaintiff offers a differing interpretation of Dr. Rohen's opinions, the opinions are susceptible to more than one rational interpretation and therefore the ALJ's assessment must be upheld. (Doc. 30 at 20-21.) Plaintiff objects, arguing that there is no way to determine whether the ALJ found persuasive the portion of Dr. Rohen's report discussing Plaintiff's social limitations, because the ALJ failed to discuss that portion of the report. (Doc. 31 at 3-4.)

The ALJ stated in his decision, without any qualification, that he found Dr. Rohen's opinions "persuasive." (AR 20.) Nothing in the ALJ's decision supports Plaintiff's conjecture that the ALJ actually may have found only portions of Dr. Rohen's opinions to be persuasive. Furthermore, contrary to Plaintiff's assertions, the ALJ was not required to discuss every aspect of Dr. Rohen's report. Dr. Rohen never opined that Plaintiff could have no contact with the public, coworkers, and supervisors in a work setting. The effect on Plaintiff's RFC of the social limitations discussed by Dr. Rohen is subject to differing rational interpretations. While Plaintiff interprets Dr. Rohen's discussion as supporting greater RFC restrictions than those found by the ALJ, the ALJ's

RFC determination reflects a rational interpretation of Dr. Rohen's opinions, including Dr. Rohen's discussion of Plaintiff's social limitations. Accordingly, the Court adopts the portion of the R&R finding that the ALJ properly assessed Dr. Rohen's opinion. *See Thomas*, 278 F.3d at 954 (when evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

### C.  Symptom Testimony

The ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effect of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 18.) Specifically, the ALJ found that Plaintiff's "testimony that he had poor control over his anger was inconsistent" with Plaintiff's treatment notes from La Frontera. (AR 19.) The ALJ further found that, when he is medication compliant, Plaintiff has "good control over his symptoms." (*Id.*)[4]

In his Opening Brief, Plaintiff argues that the ALJ failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony. (Doc. 22 at 12-16.) Specifically, Plaintiff argues that, while his symptoms fluctuate over time, many of his treatment notes document poor anger control and are consistent with his symptom testimony. (*Id.* at 12-13.) Plaintiff further argues that the ALJ failed to inquire into the reasons for Plaintiff's medication non-compliance, and that Plaintiff overreacts to situational stressors even when medication compliant. (*Id.* at 14-15)

The R&R rejects Plaintiff's arguments, finding that substantial evidence supports the ALJ's conclusions that Plaintiff's symptom testimony was inconsistent with the objective medical evidence and that Plaintiff's symptoms improved with medication.

---

[4] The ALJ also stated that Plaintiff "testified that no medication was helpful in reducing his symptoms," which the ALJ found to be inconsistent with Plaintiff's treatment notes from La Frontera. (AR 19.) The R&R finds that, to the extent the ALJ erred in stating that Plaintiff testified no medication helped his symptoms, the error was harmless because the ALJ cited permissible bases for discounting Plaintiff's symptom testimony. (Doc. 30 at 24.) Plaintiff does not object to the R&R's conclusion that the ALJ's statement regarding Plaintiff's testimony amounts to harmless error. (*See* Doc. 31.) The Court has reviewed that conclusion for clear error and has found none; accordingly, the Court adopts that conclusion.

(Doc. 30 at 23-25.) Plaintiff objects, arguing that even if his symptoms improved with medication, the record reflects that he struggled to remain medication compliant, and the ALJ failed to address the reasons for his medication non-compliance. (Doc. 31 at 4-5.)

An ALJ must engage in a two-step analysis to "determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036 (internal quotation marks omitted); *see also* 20 C.F.R. § 416.929(a) ("[t]here must be objective medical evidence from an acceptable medical source that shows" the claimant has an impairment that "could reasonably be expected to produce the pain or other symptoms alleged"). "Second, if the claimant meets this first test and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter*, 504 F.3d at 1036 (internal quotation marks omitted).

Once a claimant has shown that he has a medically determinable impairment or impairments that could reasonably be expected to produce his pain or other symptoms, his "statements about the intensity and persistence" of his pain or other symptoms cannot be rejected "solely because the available objective medical evidence does not substantiate" them. 20 C.F.R. § 416.929(c)(2); *see also Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (an ALJ "may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence"). "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms (AR 18), and the ALJ did not find

evidence of malingering. Accordingly, the Court must determine whether the ALJ provided clear and convincing reasons for discounting Plaintiff's symptom testimony.

Substantial evidence supports the ALJ's finding that Plaintiff's symptom testimony was not corroborated by the objective medical evidence. Plaintiff's treatment records from La Frontera reflect some waxing and waning of Plaintiff's symptoms—in particular, his anxiety, irritability, and anger—with Plaintiff's symptoms generally increasing in response to situational stressors. (*Compare, e.g.*, AR 360-61, 365-66, 372-73, 404, 406, 412, 414, 416, 425-26, 433-34, 438-39, 445-46, 451-52, 454-55, 493-94, 498-99, 506-07, *with* AR 402, 410, 420-21, 448-49, 501-02, 511-12, 516-17.) Overall, however, the treatment records consistently reflect an alert and oriented presentation, logical and goal-oriented thought process, adequate concentration and attention, and adequate impulse control, as well as a typically euthymic affect and a frequently good mood. (*See, e.g.*, AR 361, 366, 372-73, 400, 402, 404, 406, 412, 414, 416, 426, 431, 434, 438-39, 445-46, 448-49, 451-52, 454-55, 493-94, 498-99, 506-07.) Furthermore, as the ALJ noted (AR 18), on September 12, 2017, Plaintiff expressed interest in a vocational program and reported difficulty with transportation but did not report any difficulty related to his mental health symptoms (AR 365). Furthermore, as the ALJ also noted (AR 19), Plaintiff reported on August 2, 2019, that he had not gotten into a physical fight in eight years (AR 506).

Although Plaintiff correctly argues in his Opening Brief that an ALJ cannot discount a claimant's symptom testimony solely because that testimony is not corroborated by the objective medical evidence (Doc. 22 at 13), here the ALJ also cited the effectiveness of medication in managing Plaintiff's symptoms as a reason to discount Plaintiff's testimony concerning the intensity, persistence, and effect of those symptoms. The Social Security regulations explicitly allow ALJs to consider the effectiveness of medications when evaluating the intensity and persistence of a claimant's subjective symptoms, *see* 20 C.F.R. § 416.929(c)(3)(iv), and substantial evidence supports the ALJ's finding that Plaintiff's symptoms are adequately managed when Plaintiff is

medication compliant. Plaintiff's treatment records reflect some instances of medication non-compliance due to Plaintiff forgetting to take medication or choosing not to take certain medication due to side effects such as drowsiness or nausea. (*See, e.g.*, AR 360, 404, 410, 433, 516.) Overall, however, the treatment records reflect adequate medication compliance and adequately controlled symptoms with medication compliance. The Court will adopt the R&R's conclusion that the ALJ properly discounted Plaintiff's symptom testimony.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection (Doc. 31) is **overruled**.

**IT IS FURTHER ORDERED** that Magistrate Judge Markovich's Report and Recommendation (Doc. 30) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 25th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge